The following case was agreed and submitted to the Superior Court.
The defendants, by their deed of bargain and sale, executed on 20th of April, 1854, bargained and sold to the plaintiff, his heirs and assigns, certain lands and real estate lying in the county of Wake, being the same mentioned in the plaintiff's declaration, and in, and by the said deed did covenant, among other things as follows: "That they, the said Penelope Smith and Mary A. Smith, or one of them, at and immediately before the time of the sealing and delivery of these presents are or is lawfully, absolutely, and rightfully seized of a good, sure, perfect and indefeasible title and estate in fee simple, in possession of and in the premises herein before by these presents granted and sold, or mentioned, or intended so to be, and every part thereof, without any manner of remainder or remainders over or other matter or thing whatever," and also as follows, that is to say "that they the said Penelope and Mary, or one of them, now have or hath a good right and title and lawful power and authority to grant, bargain and sell the said premises, and every part thereof, unto and to the use of the said Winder, his heirs and assigns, according to the true meaning of these presents."
The only title claimed or set up by the defendants, or either of them at the date of these covenants, was as devisees under the will of Richard Smith, the late husband of the defendant Penelope, and father of defendant Mary, which is as follows:
"I, Richard Smith, of the city of Raleigh, county of Wake, and State of North Carolina, being of sound mind and memory, do make and ordain this to be my last will and testament, as follows, viz: to wit:
"Item, 1st. It is my will and desire that the whole of my estate, both real and personal, be divided between my wife and daughter Mary Ann Smith, as the laws of the State have and are made and provided, believing that those laws make as equitable and fair a division as I can make, with the following proviso and exceptions, to wit:
"It is my will and desire that my wife, Penelope Smith, *Page 329 
who will be entitled to one-third of all the personal estate to her and her heirs forever, and her third, or dower, of all the real estate during her natural life.
"Item 2nd. I also give and bequeath to her, to do as she pleases with, one equal half of all the nett profits of my estate both real and personal, for her maintenance and support as long as she lives and may require it.
Item 3rd. I give and bequeath to my daughter Mary Ann Smith, who will be entitled to the other two-thirds of all my estate, both real and personal, the other one equal half of all the nett profits of my estate both real and personal, for her maintenance and support. The care and management of which, and collections of the same, is to be made by her mother, and not to be paid over to her until it is collected, unless her mother chooses to do so; which I leave to her discretion.
"Item 4th. I give and bequeath to my daughter, Mary Ann Smith, all the rest and residue of my estate, both real and personal, as the laws of the State allows, and not given away in either of these items of my will above; with the following proviso and exceptions, intended by me for her special benefit and protection: that is, she is to have the one-third of her portion, if she requires it, for her support and maintenance and to do as she pleases with; the other two-thirds only I lend her, in trust, to be managed by the County Court of Wake, and Superior Courts, and Courts of Equity of said county, as trustees for her and her heirs forever, allowing to her and her heirs the nett income of the said two-thirds aforesaid, after the decease of her mother: and if the Courts aforesaid should not act in the capacity of a trustee, as before desired, then it is my will and desire for either of the said Courts to appoint some safe and competent person or persons, from time to time, to act as trustee, and the Court is to make such order and decree as to them may appear fair and proper, and may require such securities of the said trustee as to them may appear proper; and if such trustees are appointed they are not permitted to diminish but is to remain as a separate and special and trust fund for her benefit and her heirs forever, (she *Page 330 
receiving the nett profits after the decease of her mother, as mentioned in another clause of the will) for and during her natural life, and then to such of her child or children as she may have or leave surviving her. I do not make this provision to deprive her or her husband, if she marries, from the free use and enjoyment of the fruits of my labor and industry, but to provide, as far as I can, for her and her children against any misfortune that might happen, and which I am legally advised is proper.
"Item 5th. The whole of my estate I wish to be kept as much together as the nature of the case will admit; though I make no positive item to that effect, and the whole of my servants to be treated well and provided for, except such as may become refractory and unruly, and if so they may be sold. It is my first request that all my just debts be first paid, out of the first avails of my estate: having been careful to keep out of debt, it is my wish to owe little or nothing at my decease: but no doubt some small charges, or debts, will have to be paid, which may be paid out of any monies I have at the time of my decease. Written by myself and pronounced by me to be my last will and testament, and signed in my own proper hand-writing, and preferring not to have any subscribing witnesses, as the law provides as good or better proof of any person's hand-writing making a will. And I file this, my will, among my most valuable papers, revoking and disannulling all, or any other will made by me, if any should appear, and pronouncing this to be my last and my only will and testament. Given under my hand and seal, 10th Oct. 1851," c. "SIGNED AND SEALED."
"CODICIL TO THIS MY WILL:
"It is my wish and desire, that the black lead plumbago mines, which I own now one-half of, may never be sold but kept in perpetuity for my estate; but some small part or parts of the land that may not be material to keep, may be sold, if necessary, but no part or parts of the mines. Oct. 10, 1851.
"SIGNED." *Page 331 
"Item. I hereby appoint my wife executor to this my last will and testament, and request her to call in such friends to aid her as she may find desirable. Oct. 10, 1851.
"SIGNED AND SEALED."
And it is agreed "that if, by the above will, a good and indefeasible estate in fee simple was devised to the said Penelope and Mary, or either of them, so as to amount to a performance of the covenants, then a judgment of non-suit be entered, otherwise, judgment to be for the plaintiff, and an inquiry of damages to be awarded as upon a judgment by nil dicit, or nonsum informatus."
Upon consideration of the premises, his Honor, being of opinion with the defendants, gave judgment of non-suit.* From which plaintiff appealed.
* It is due to his Honor, Judge Caldwell, to sat that this judgment was strictly pro forma, and was rendered at the urgent request of both counsel, without there being the slightest opportunity for examining the case.
The question presented by the case agreed, depends for its solution upon the construction of the will of the late Richard Smith. The devisor was manifestly inops concilii, and his will requires all the aid which can be derived from that consideration, to enable us to carry out his presumed intention.
Looking at the whole will, and endeavoring to give effect to every part of it, as it is our duty to do (Owen v. Owen, Busb. Eq. 121. Cheeves v.Bell, 1 Jones' Eq. 234) we are led to the conclusion that by the fourth clause the devisor has given to his daughter, Mary Ann, an estate in fee in all his real estate, subject to the dower of her mother therein, with an executory devise in fee, in two-thirds thereof, to her children, should she marry and die leaving issue. The devise is, in form, rather a gift to her for life, with a contingent remainder in fee to her *Page 332 
children, and upon default of children, remainder to her and her heirs; but the legal operation and effect of it is as we have above stated. The construction which gives an executory devise to the children of his daughter is admissible, and is adopted, because it is the only means by which the manifest intention of the devisor to provide for them, can be carried into effect. The alternative, contended for by the defendant's counsel, of declaring that the latter portions of the clause in question are too vague and uncertain to be allowed to operate, we do not feel at liberty to adopt, while effect can in any way be given to them. Amidst their darkness and obscurity we can yet see light enough to enable us to fasten upon the estate given to the daughter, a provision for her children, should she ever marry and die leaving any surviving her.
Our opinion therefore, is, that there was a breach of the covenant contained in the deed under which the plaintiff claims. The judgment of the Superior Court must be reversed, and judgment given here for the plaintiff, according to the case agreed, and this must be certified to the end that he may have an enquiry of his damages.
 PER CURIAM. Judgment reversed, and judgment for plaintiff. *Page 333 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 334 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 335